Case 4:22-cv-01479   Document 25   Filed on 06/08/23 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
June 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MISHIE A. NESBITT, § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> WELLS FARGO BANK, N.A., § <br> SELECT PORTFOLIO SERVICING, AND § <br> JELENIS LLC, § <br> *Defendants.* § | CIVIL ACTION NO. 4:22-CV-1479 |

# **MEMORANDUM AND RECOMMENDATION**

Plaintiff Mishie A. Nesbitt, pro se, brought this case in state court to avoid foreclosure on her residential mortgage.[1] ECF 1-4. Defendant Wells Fargo[2] timely removed the case to this federal court based on the Court's diversity jurisdiction. ECF 1 at ¶ 4. Defendants Wells Fargo and Select Portfolio Servicing filed a timely Motion for Summary Judgment (ECF 23), to which Plaintiff has not filed a response. *See* LOC. R. S.D. TEX. 7.3, 7.4. Having reviewed the submissions and the law, the Court recommends that Defendants' Motion for Summary Judgment be GRANTED and that all claims be DISMISSED.

**I.    Undisputed Facts**

As noted above, Plaintiff did not file a response to Defendants' Motion for Summary

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 8.
[2] Defendants are Wells Fargo Bank, N.A., as Trustee on Behalf of the Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FFH1 ("Wells Fargo"); Select Portfolio Servicing, and Jelenis LLC.

Judgment. Therefore, the facts set forth in Defendant's motion and supported by Defendant's evidence, are undisputed. *See Safeco Ins. Co. of Am. v. Progressive Cty. Mut. Ins. Co.*, No. 4:21-CV-03297, 2022 WL 2818751, at *1 (S.D. Tex. July 19, 2022) (citing *Morgan v. Federal Express Corp*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) and *Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (holding that although it is not appropriate to grant a Motion for Summary Judgment based on the non-movant's failure to respond, the Court may consider the movant's statement of facts to be undisputed.)). These undisputed facts are set forth below.

On March 29, 2005, Plaintiff executed an Adjustable-Rate Note (the "Note") in the principal amount of $216,990.00 in favor of the original lender, First Franklin, a Division of National City Bank of Indiana ("First Franklin"). ECF 23-2. On the same date, Plaintiff executed a deed of trust (the "Deed of Trust") on 3223 Village Pond Lane, Fresno, Texas 77545 (the "Property"). ECF 23-3. On May 9, 2005, First Franklin assigned the Deed of Trust to First Franklin Financial Corporation ("FFFC"). ECF 23-4. Plaintiff fell behind on payments and on November 13, 2007, executed a Loan Modification Agreement with FFFC. ECF 23-5. On November 25, 2009, a Corporate Assignment was recorded in the real property records of Fort Bend County, assigning the Deed of Trust to Wells Fargo (ECF 23-6), and a Corrective Corporate Assignment was recorded on April 21, 2015 (ECF 23-7).

Plaintiff again fell behind on payments, so on November 29, 2021, Defendant Select Portfolio Servicing ("SPS"), the Mortgage Loan Servicer for Wells Fargo (ECF 23-12), sent a Demand Letter and Notice of Default requiring Plaintiff to cure the default by

2

January 1, 2022 ("Cure Date").  ECF 23-8.  Due to the failure to cure the default by the Cure Date, on January 11, 2022, SPS sent a Notice of Acceleration stating that Plaintiff had failed to cure the default and that the Note was accelerated effective January 11, 2022. ECF 23-9.

On April 28, 2022, Plaintiff filed an original petition in the 434th Judicial District in the District Court of Fort Bend County, Texas, seeking a temporary restraining order enjoining Defendants from transferring ownership in a foreclosure sale noticed for May 3, 2022.  ECF 21 at 34.  The matter was removed to this Court on May 9, 2022.  ECF 1. On or about June 28, 2022, Wells Fargo sent Notice of Reposting and Sale to Plaintiff, notifying her of an August 2, 2022 foreclosure sale date.  ECF 23-10 at 2.  On July 29, 2022, Plaintiff filed in this Court a Motion for Emergency Ex Parte Temporary Restraining Order (ECF 17), which was denied on August 1, 2022 (ECF 20).  The foreclosure sale occurred on August 2, 2022, with the Deed of Foreclosure Sale listing Defendant Jelenis LLC ("Jelenis") as the Buyer.  ECF 23-11.

Plaintiff filed an Amended Complaint on August 16, 2022, adding Jelenis as Defendant and contending that the August 2, 2022 sale should be "declared null and void." ECF 21 at ¶¶ 4, 13.  The Amended Complaint asserts five causes of action: (1) "Declaratory Judgment for Violations of the Statute of Limitations to Foreclose Against Wells Fargo Bank and SPS"; (2) a declaratory judgment against Jelenis; (3) quiet title against Wells Fargo; (4) quiet title against Jelenis; and (5) Violations of the Real Estate Settlement Procedures Act; Regulation X, 12 U.S.C. § 1024.41 against Wells Fargo and Select Portfolio Services.

## II. Summary Judgment standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment bears the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987).

## III. Analysis

The Court interprets Plaintiff's Amended Complaint—filed after the August 2, 2022 foreclosure sale it seeks to declare "null and void"—to assert a claim for wrongful foreclosure in addition to her claims for quiet title, violations of Regulation X, and a declaratory judgment. Defendants are entitled to summary judgment on all of Plaintiff's claims.

### 1. Wrongful Foreclosure

The elements of a wrongful foreclosure claim under Texas law are "(1) a defect in

the foreclosure sale proceeds; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Bridges v. Bank of New York Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (citations omitted). Nothing in the summary judgment record demonstrates any issue of fact regarding a defect in the foreclosure proceedings. For example, SPS sent Plaintiff a Notice of Default and Intent to Accelerate on November 29, 2021 based on Plaintiff's failure to make mortgage payments dating back to December 1, 2008. ECF 23-8 at 2. Plaintiff was given a Notice of Acceleration on January 11, 2022 and also received notice of the August 2, 2022 foreclosure sale. ECF 23-9; ECF 23-10. Furthermore, Plaintiff has presented no evidence tending to show either that the Property was sold at foreclosure for a "grossly inadequate" price, or that there is a causal connection between a defect in the foreclosure proceedings and the sale price. *See Bridges*, 2018 WL 836061, at *10 (explaining that a "low foreclosure sale price does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings caused or contributed to a grossly inadequate price.").

Instead, Plaintiff's Amended Complaint alleges that Defendants were not authorized to conduct a foreclosure sale because they failed to conduct the sale within the four-year statute of limitations. ECF 21 at ¶¶ 18-25. "A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b). The statute of limitations period for foreclosure on a note or deed of trust with an optional acceleration clause begins to run when the note holder actually exercises the option to

5

accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). It is undisputed that the Deed of Trust secured by the Property contains an optional acceleration clause. ECF 21 at ¶ 21; ECF 23-3 at ¶ 22. Thus, the statute of limitations for foreclosure on Plaintiff's note and deed of trust began to run when the note holder exercised the option to accelerate.

"Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Wolf*, 44 S.W.3d at 566; *Wilmington Tr., Nat. Ass'n v. Rob*, 891 F.3d 174, 176 (5th Cir. 2018) (quoting *Wolf*, 44 S.W.3d at 566). Foreclosure cannot proceed in Texas without both forms of notice. *Rob*, 891 F.3d at 176. The summary judgment record contains a notice of default and intent to accelerate dated November 29, 2021. ECF 23-8. The option to accelerate the Note was exercised on January 11, 2022, as stated in the letter sent to Plaintiff by counsel for SPS and Wells Fargo:

> We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust.
>
> A default occurred under the terms of the Note. Notification was sent that the default had occurred in the payment of the Note and that SELECT PORTOFOLIO SERVICING, INC. would accelerate the maturity of the Note if you did not cure the default. Because of your failure to cure the default, the maturity date of the Note was accelerated effective January 11, 2022.
>
> All unpaid principal and accrued interest on the Note are due and payable at this time.

ECF 23-9 at 2. Thus, the statute of limitations began to accrue on January 11, 2022, the date the Note holder exercised the option to accelerate. *Wolf*, 44 S.W.3d at 566. The foreclosure sale was consummated on August 2, 2022, well within four years of the January

6

11, 2022 acceleration. ECF 23-11. The undisputed summary judgment record demonstrates that both a notice of intent to accelerate and a notice of acceleration were sent to her on November 29, 2021 and January 11, 2022, respectively. The record is devoid of any other notice of intent to accelerate and actual acceleration by which the foreclosure cause of action could have accrued and begun the four-year limitations period. Thus, Plaintiff has failed to present any evidence disputing that the statute of limitations for foreclosure accrued on January 11, 2022, and therefore the August 2, 2022 foreclosure was timely.

**2. Quiet Title**

In Texas, a suit to quiet title requires a plaintiff to show: (1) her right, title, or ownership in real property; (2) the defendant has asserted a "cloud" on her property, meaning an outstanding claim or encumbrance valid on its face that, if valid, would affect or impair the property owner's title; and (3) the defendant's claim or encumbrance is invalid. *Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014); *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)). At a foreclosure sale, title passes immediately to the buyer upon acceptance of the bid price. *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex. App.—San Antonio 1998, no writ). For these reasons, the undisputed summary judgment record demonstrates that title to the Property passed to Jelenis at the August 2, 2022 foreclosure sale. Plaintiff has failed to demonstrate any current right, title, or ownership in the Property after the foreclosure sale. Thus, Plaintiff's quiet title claim

7

against the moving Defendants should be dismissed.

### 3. Declaratory relief

Plaintiff seeks a declaration that the foreclosure sale is "null and void." ECF 21 at ¶ 28. Because Plaintiff's substantive claims for relief cannot survive summary judgment, she is not entitled to declaratory or injunctive relief. *White v. Statebridge Co., LLC,* No. 4:22-cv-713-SDJ-KPJ, 2023 WL 2472657, at *15-16 (E.D. Tex. Feb. 6, 2023) ("The availability of a declaratory judgment and injunctive relief depends upon the existence of an underlying judicially remediable right."); *Ayers v. Aurora Loan Servs.*, LLC, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) (holding that request for declaratory relief cannot stand after substantive claim is dismissed); *Payrovi v. Wells Fargo Bank, NA*, No. 4:17-CV-02480, 2017 WL 4950066, at *3 (S.D. Tex. Oct. 31, 2017) (holding that plaintiff's derivative claims for declaratory relief and permanent injunction do not survive dismissal of substantive claims).

### 4. Violations of Regulation X

Plaintiff also asserts a claim pursuant to Regulation X, a regulation implementing the Real Estate Settlement Procedures Act ("RESPA"), which requires mortgage servicers to follow certain loss mitigation procedures. 12 C.F.R. § 1024.41. Without specifying the date, she alleges that she "provided Defendants with Requests for Loan Modification on several occasions" and that Defendants "failed to evaluate and make a determination on each of Plaintiff's allegations within thirty days and failed to acknowledge that Plaintiff's application was complete or, alternatively, provide an incomplete information notice within five days." ECF 21 at ¶¶ 53-54.

Defendant has included in the summary judgment record a Declaration stating that on November 6, 2018, Plaintiff was "informed of a Loss Mitigation Program Decision and offered an SPS Trial Modification [which] expired by its terms[,]" and attaches the letter as an Exhibit to the Declaration. ECF 23-1 at ¶ 16; ECF 23-13. Further, the Declaration states that on September 22, 2021 Plaintiff was again informed of a Loss Mitigation Program Decision and offered an SPS Trial Modification, but loan records demonstrate that she never met her obligations under the Trial Modification. ECF 23-1 at ¶ 17. The September 22, 2021 letter is also attached as an Exhibit to the Declaration. ECF 23-14. Meanwhile, the summary judgment record contains no evidence that: (i) Defendants failed to respond within 30 days to Plaintiff's complete loss mitigation application as prohibited by § 1024.41(c); (ii) Defendants failed to state reasons for denial of a complete loss mitigation application as required by § 1024.41(d); or (iii) any other violation of any provision of § 1024.41. In the absence of evidence creating a disputed issue of fact regarding Defendant's alleged violation of Regulation X, Defendant is entitled to summary judgment on the claim.

Plaintiff's Regulation X claim also fails because the record establishes that the claim is time-barred. The requirements of Regulation X apply only to a lender's first loan modification. *Germain v. U.S. Bank Nat'l Ass'n*, 920 F.3d 269 (5th Cir. 2019) (citing 12 C.F.R. § 1024.41(i)). The record establishes that Plaintiff executed a Loan Modification Agreement in November 2007 (ECF 23-5). The statute of limitations for a Regulation X claim ranges from one to three years, depending on the type of violation alleged. 12 U.S.C. § 2614. Therefore, the statute of limitations for any Regulation X claim Plaintiff

9

could bring ran no later than December 2010, more than three years after she sought her initial loan modification in November 2007. For these reasons, Defendants' Motion for Summary Judgment on Plaintiff's RESPA claim should be granted.

### 5. Claims against nonmovant Jelenis

As to Defendant Jelenis, Plaintiff asserts a claim of quiet title and seeks a declaratory judgment that Jelenis' "purported interest in Plaintiff's property [is] null and void and to quiet title in Plaintiff's name based on a declaratory judgment." ECF 21 at 6-9, ¶¶ 26-31, 39-42. Plaintiff alleges that while Jelenis' "ownership interest by virtue of a Foreclosure Sale Deed . . . may appear to be valid on its face, it is in fact invalid and void due to Well[s] Fargo Bank's abandonment of its right to foreclose." *Id.* at ¶ 41. Thus, Plaintiff's claim against Jelenis to quiet title is based on Plaintiff's belief that the statute of limitations precluded the foreclosure sale. As discussed above, the summary judgment record demonstrates that the four-year statute of limitations accrued on January 11, 2022 and the foreclosure sale was consummated on August 2, 2022. Thus, the summary judgment record demonstrates the foreclosure sale was not barred by limitations and that Wells Fargo did not abandon the right to foreclose by failing to do so within four years. Furthermore, the current summary judgment record fails to demonstrate that Plaintiff has any current right, title, or ownership in the Property since the foreclosure sale.

Jelenis filed an Answer (ECF 24) but did not join the Motion for Summary Judgment filed by Defendants Wells Fargo Bank and Select Portfolio Servicing. ECF 23 at 1. However, district courts may grant summary judgment in favor of a non-moving party if the party opposing summary judgment has notice and reasonable time to respond.

10

FED. R. CIV. P. 56(f)(1); *Ortega Garcia v. United States*, 986 F.3d 513, 524 n.27 (5th Cir. 2021).  Based on this Court's ruling that the statute of limitations did not bar foreclosure, Plaintiff's claim for quiet title and her derivative claim for declaratory judgment against Jelenis are without basis and should be dismissed on summary judgment.  Further, the record fails to: raise any defect in the foreclosure proceedings; show that the Property was sold at foreclosure for a "grossly inadequate" price; or support any claim for wrongful foreclosure against Jelenis LLC.  *Bridges*, 2018 WL 836061, at *10.

This Memorandum and Recommendation provides notice to Plaintiff of the Court's intention to grant summary judgment on her claims against nonmovant Jelenis.  Plaintiff shall have 14 days to file an objection and response to this recommendation explaining why her claims against Jelenis should be allowed to proceed.

## IV.     Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Moving Defendants' Motion for Summary Judgment (ECF 23) be GRANTED and Plaintiff's claims against Defendants Select Portfolio Services and Wells Fargo Bank, N.A., as Trustee on Behalf of the Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FFH1 ("Wells Fargo") be DISMISSED WITH PREJUDICE.  The Court also RECOMMENDS that absent a response demonstrating why summary judgment should not be granted on her claims against Defendant Jelenis LLC, those claims also should be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 56(f).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 08, 2023, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge